**SIGNED THIS: March 18, 2010**

	_____
	**GERALD D. FINES**
	**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GLENN MITCHELL CHENAULT and | ) Bankruptcy Case No. 04-91786 |
| ROSIE MARIE CHENAULT, | ) |
| | ) |
| Debtors. | ) |

OPINION
─────

	This matter having come before the Court on a Motion for Turnover filed by the Chapter 7 Trustee; the Court, having heard arguments of counsel and having reviewed the written memoranda of law filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

	The material facts in this matter are accurately set out in the Trustee's Response to Intervenors' Memorandum of Law in Opposition to Trustee's Motion for Turnover, which was filed with the Court on October 19, 2009. Under the undisputed facts, the Court finds that the legal malpractice action at issue in the Trustee's Motion for Turnover arose as a result of a pre-petition asset which was clearly property of the bankruptcy estate.

Pursuant to 11 U.S.C. § 541(7) and Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511 (1966), the legal malpractice action at issue is rooted in a pre-bankruptcy asset of the Debtors, and, as such, remains property of the bankruptcy estate even though the legal malpractice action was not itself filed before the Debtors' Chapter 7 filing. The case of In re Holstein, 321 B.R. 229 (Bankr. N.D. Ill. 2005), is clearly distinguishable from the facts in the present case in that the facts in the present case do not involve a legal malpractice claim against Debtors' bankruptcy attorney, but rather is a malpractice claim against Debtors' personal injury attorneys for a pre-petition personal injury.

###